H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA  94612
Telephone:  (510) 763-5700

Newman Strawbridge, SBN  171360
**LAW OFFICE OF NEWMAN STRAWBRIDGE**
719 Orchard Street
Santa Rosa, CA  95404
Telephone:     (707) 523-3377

Cameron Cunningham  SBN  75593
**LAW OFFICE OF CAMERON CUNNINGHAM**
719 Orchard Street
Santa Rosa, CA  95404
Telephone:     (707) 829-9194

Attorneys for Plaintiffs Brian King and Dawn Cone

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KING AND DAWN CONE, individualS, on behalf of themselves and all others similarly situated, <br><br>  Plaintiffs, <br><br>  v. <br><br> LENSCRAFTERS, INC.,and Does 1 through 100, <br><br>  Defendants. | <u>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION</u> <br><br> [JURY TRIAL DEMANDED] |

## INTRODUCTION

1.     This action arises out of Defendant's pattern and practice of failing to properly compensate a statewide group of employees who worked as assistant managers and managers, improperly withholding the wages of those employees, Plaintiffs seek the following for themselves and others similarly situated: an award of unpaid compensation, including but not limited to unpaid

Complaint
-1-

1. overtime; payment of funds improperly withheld by Defendant; interest; penalties for Defendant's failure to pay wages in a timely manner; attorneys fees and costs; equitable relief; and other forms of relief available under California and federal law.

2. Defendant's actions are in violation of California Business and Professions Code §§ 17200 et seq., and various sections of the California Labor Code, and provisions of the Fair Labor Standards Act ("FLSA"). Defendant's actions also breach explicit and implied contracts between Defendant and Plaintiffs as well as explicit and implied contracts between Defendant and members of the purported class.

## PARTIES

3. Plaintiffs BRIAN KING and DAWN CONE are individuals residing in the State of California.

4. Plaintiffs are informed and believe and thereon allege that Defendant LENSCRAFTERS, INC. (hereinafter "Lenscrafters" or "Defendant") is a retailer of prescription eyeware throughout California.

5. The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiffs in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiffs individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

6. The term "defendant" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7. Plaintiffs are informed and believe and thereon allege that Defendant sells eyeware throughout California. Defendant employs managers and assistant managers in positions that do not meet the standards for any state or federal exemption from overtime compensation.

///

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court under The U.S. Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711-1715. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) because the events that give rise to Plaintiff's claims took place within the Northern District of California.

## FACTS COMMON TO ALL COUNTS

10. Lenscrafters knowingly failed to compensate managers and assistant managers for overtime and other wages due according to 29 U.S.C. §§ 206 and 207 (FLSA), various sections of the California Labor Code and various California wage orders.

11. Lenscrafters knowingly failed to properly compensate California managers and assistant managers upon the termination date of those employees who no longer work for Lenscrafters, a violation of California Labor Code §§ 201-203.

12. Brian King, Dawn Cone and all other potential California class members have a legal right to their unpaid compensation and penalties. However, Defendant has not yet provided any of these funds to Plaintiffs or to any other potential class member.

13. Lenscrafters has not employed Brian King or Dawn Cone for over 30 days. However, Defendant has not provided Plaintiffs nor any other potential class member who is a former employee of Defendant with the 30 days wages due under California Labor Code § 203.

## CLASS ACTION ALLEGATIONS

14. This action is brought by the named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

Complaint
-3-

15. The Class is comprised of two groups of individuals who are divided into two subclasses as follows:

<u>Manager Class:</u>

Any and all individuals who are currently or were employed by Lenscrafters as a manager within the applicable statutory period.

<u>Assistant Manager Class:</u>

Any and all individuals who are currently or were employed by Lenscrafters in California as an assistant manager within the applicable statutory period.

16. Excluded from the Class are all claims by any persons or entities that have already commenced an individual civil action against Defendant related to the subject matter of this litigation. Also excluded from the Class are the following: Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers, directors, agents, servants or employees of any of the same; persons whose participation as a class representative or member would require recusal of the hearing officer; and, the members of the immediate families of any such person.

17. This action has been brought and may properly be maintained as a class action under federal and California law.

18. Plaintiffs are unable to state precisely the size of the Class, but they are informed and believe that members of the Class number at least fifty and possibly into the hundreds. The Class is sufficiently numerous and dispersed throughout the state that joinder of all its members is impractical.

19. There are numerous common questions of law and fact with respect to Defendant and its compensation/reimbursement of the Class members. Among these questions common to the Class are:

Complaint

-4-

(a) Whether Defendant provided proper compensation to managers and assistant managers as required under FLSA and California law;

(b) Whether Defendant should be penalized for failing to provide full and accurate wages to those California financial services representatives who are no longer employees of Defendant within 72 hours of each employee's termination of employment;

(c) Whether Plaintiffs and class members are entitled to recover attorneys' fees and costs;

(d) Whether Plaintiffs and class members are entitled to recover equitable relief; and

(e) Whether the employment contracts should be equitably reformed.

20. The only non-common issue is the amount of specific damages for each particular member of the Class; therefore, common questions of law and fact clearly predominate within the meaning of FRCP Rule 23(b). However, much of the damages can readily be calculated using Defendant's records in a formulaic manner.

21. Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.

22. If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system. By contrast, the class action device

Complaint

presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual Class members, and result in judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class members by publication and direct mailing upon discovery of Defendants' files.

23. The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

24. The claims of the named Plaintiffs, as the Class Representatives, are typical of the claims of the members of the Class.

25. Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class Representatives, are consistent with those of the members of the Class. In addition, Plaintiffs are represented by experienced and able counsel who have represented Plaintiff classes in similar litigation.

26. Plaintiffs and the class members envision no unusual difficulty in the management of this action as a Class action.

## FIRST CAUSE OF ACTION

(Restitution of State Law Overtime Pay – On Behalf of the California Class)

27. Plaintiffs incorporate the allegations contained in paragraphs 1 through 26.

28. California Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

29. Class members, including Plaintiffs, regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

30. During at least some portion of the Class Period, class members did not meet the tests for exempt status under the California Wage Orders and the California Labor Code.

Complaint
-6-

31. Defendant has committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not paying the required state law overtime pay to the members of the class.

32. Pursuant to California Bus. & Prof. Code section 17203, plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to members of the class in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

(Recovery of State Law Overtime Pay – On Behalf of California Class)

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32.

34. Pursuant to California Labor Code section 1194, the members of the class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

## THIRD CAUSE OF ACTION

(Waiting Time Penalties – By and On Behalf of California Class)

35. Plaintiff incorporates the allegations contained in paragraphs 1 through 34.

36. Defendant willfully and intentionally failed to pay Plaintiff and the other class members all of the wages they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, Plaintiff and the class members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages according to proof;

2. For an order requiring Defendant to make restitution of all wages, including overtime wages, that were illegally withheld;

3. For interest according to proof;

4. For penalties as alleged herein;

5. For reasonable attorney's fees and costs of suit; and

Complaint

6. For such other relief that the Court deems just and proper.

Dated: July 6, 2009

HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorney for Plaintiff

Complaint

-8-