H. Tim Hoffman, SBN 49141
Arthur W. Lazear, SBN 83603
Morgan M. Mack SBN 212659
**HOFFMAN & LAZEAR**
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: (510) 763-5700

Newman Strawbridge, SBN 171360
**LAW OFFICE OF NEWMAN STRAWBRIDGE**
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 523-3377

Cameron Cunningham SBN 75593
**LAW OFFICE OF CAMERON CUNNINGHAM**
719 Orchard Street
Santa Rosa, CA 95404
Telephone: (707) 829-9194

Attorneys for Plaintiffs Brian King, Matthew Smelser and Dawn Cone

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KING, MATTHEW SMELSER AND DAWN CONE, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENSCRAFTERS, INC., LUXOTTICA GROUP S.P.A. and Does 1 through 100,<br><br>Defendants. | Case No: 3:09-cv-03081-SI<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION<br><br>[JURY TRIAL DEMANDED] |

## INTRODUCTION

1. This action arises out of Defendants' pattern and practice of failing to properly compensate a statewide group of employees who worked as assistant managers and managers, improperly withholding the wages of those employees, Plaintiffs seek the following for themselves and others similarly situated: an award of unpaid compensation, including but not limited to unpaid

First Amended Complaint
-1-

1  overtime; payment of funds improperly withheld by Defendant; interest; penalties for Defendant's failure to pay wages in a timely manner; attorneys fees and costs; equitable relief; and other forms of relief available under California and federal law.

2.   Defendants' actions are in violation of California Business and Professions Code §§ 17200 et seq., and various sections of the California Labor Code, and provisions of the Fair Labor Standards Act ("FLSA"). Defendants' actions also breach explicit and implied contracts between Defendant and Plaintiffs as well as explicit and implied contracts between Defendant and members of the purported class.

## PARTIES

3.   Plaintiffs BRIAN KING, MATTHEW SMELSER and DAWN CONE are individuals residing in the State of California.

4.   Plaintiffs are informed and believe and thereon allege that Defendants LENSCRAFTERS, INC. and LUXOTTICA GROUP S.P.A. (hereinafter "Luxottica" or "Defendants") is a retailer of eyeware throughout the United States and California.

5.   The term "plaintiff(s)" as used in this complaint means and includes all persons and entities listed and named as Plaintiffs in the caption of this complaint, or any amendment thereto, and in the text paragraphs thereof, and include any plaintiff hereafter added by amendment, joinder or intervention. The term "plaintiff(s)" also means and includes both the named plaintiffs individually and as representative of the class and any subclass herein described, as well as each member of such class and any subclass.

6.   The term "defendants" as used in this complaint means and includes all persons and entities listed and named as a defendant in the caption of this complaint or any amendment thereto and in the text paragraphs thereof, and includes any defendant hereafter added by amendment or otherwise (unless otherwise specified in the amendment).

7.   Plaintiffs are informed and believe and thereon allege that Defendants sell eyeware throughout the United States and California. Defendants employ managers and assistant managers in positions that do not meet the standards for any state or federal exemption from overtime compensation.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court under The U.S. Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711-1715. Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. § 1367.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) because events that give rise to Plaintiffs' claims took place within the Northern District of California.

## FACTS COMMON TO ALL COUNTS

10. Defendants knowingly failed to compensate managers and assistant managers for overtime and other wages due according to 29 U.S.C. §§ 206 and 207 (FLSA), various sections of the California Labor Code and various California wage orders.

11. Defendants knowingly failed to properly compensate California managers and assistant managers upon the termination date of those employees who no longer work for Defendants, a violation of California Labor Code §§ 201-203.

12. Brian King, Brian Smelser, Dawn Cone and all other potential California class members have a legal right to their unpaid compensation and penalties. However, Defendants have not yet provided any of these funds to Plaintiffs or to any other potential class member.

13. Defendants have not employed Brian King, Brian Smelser, or Dawn Cone for over 30 days. However, Defendants have not provided Plaintiffs nor any other potential class member who is a former employee of Defendant with the 30 days wages due under California Labor Code § 203.

## CLASS ACTION ALLEGATIONS

14. This action is brought by the named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

First Amended Complaint

15. The Class is comprised of four groups of individuals who are divided into four subclasses as follows:

<u>Manager Class</u>:

Any and all individuals who are currently or were employed by Defendants in the United States as a manager at a retail eyewear store within the applicable statutory period.

<u>Assistant Manager Class</u>:

Any and all individuals who are currently or were employed by Defendants as an assistant manager in the United States at a retail eyewear store within the applicable statutory period.

<u>California Manager Class</u>:

Any and all individuals who are currently or were employed by Defendants in California as a manager at a retail eyewear store within the applicable statutory period.

<u>California Assistant Manager Class</u>:

Any and all individuals who are currently or were employed by Defendants as an assistant manager in California at a retail eyewear store within the applicable statutory period.

16. Excluded from the Class are all claims by any persons or entities that have already commenced an individual civil action against Defendants related to the subject matter of this litigation. Also excluded from the Class are the following: Defendants; any parent, subsidiary, affiliate, or controlled person of Defendants; the officers, directors, agents, servants or employees of any of the same; persons whose participation as a class representative or member would require recusal of the hearing officer; and, the members of the immediate families of any such person.

17. This action has been brought and may properly be maintained as a class action under federal and California law.

18. Plaintiffs are unable to state precisely the size of the Class, but they are informed and believe that members of the Class number at least in the hundreds and possibly into the thousands. The Class is sufficiently numerous and dispersed throughout California and the United States that joinder of all its members is impractical.

19. There are numerous common questions of law and fact with respect to Defendant and its compensation/reimbursement of the Class members. Among these questions common to the Class are:

    (a) Whether Defendant provided proper compensation to managers and assistant managers as required under FLSA and California law;

    (b) Whether Defendant should be penalized for failing to provide full and accurate wages to those California retail managers and assistant managers who are no longer employees of Defendant within 72 hours of each employee's termination of employment;

    (c) Whether Plaintiffs and class members are entitled to recover attorneys' fees and costs;

    (d) Whether Plaintiffs and class members are entitled to recover equitable relief; and

    (e) Whether the employment contracts should be equitably reformed.

20. The only non-common issue is the amount of specific damages for each particular member of the Class; therefore, common questions of law and fact clearly predominate within the

First Amended Complaint

meaning of FRCP Rule 23(b). However, much of the damages can readily be calculated using Defendants' records in a formulaic manner.

21. Class action treatment provides a fair and effectual method for the adjudication of the controversy here described, affecting a large number of persons the joinder of whom is impracticable. The class action provides an effective method whereby the enforcement of the rights of Plaintiffs and members of the Class can be fairly managed without unnecessary expense or duplication.

22. If Class members were to pursue individual litigation, it would be unduly burdensome to the courts within which the individual litigation would proceed. Individual litigation would magnify the delay and expense to all parties in the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of the individual Class members, and result in judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Class members by publication and direct mailing upon discovery of Defendants' files.

23. The expense and burden of individual litigation of a case of this magnitude make it impractical for individual Class members to seek redress for the wrongs done to them and therefore requires consolidation of all such claims in one action.

24. The claims of the named Plaintiffs, as the Class Representatives, are typical of the claims of the members of the Class.

25. Plaintiffs will fairly and adequately protect the interests of the Class they represent. The interests of Plaintiffs, as the Class Representatives, are consistent with those of the members of the Class. In addition, Plaintiffs are represented by experienced and able counsel who have represented Plaintiff classes in similar litigation.

26. Plaintiffs and the class members envision no unusual difficulty in the management of this action as a Class action.

### FIRST CAUSE OF ACTION

(Restitution of State Law Overtime Pay – On Behalf of the California Classes)

27. Plaintiffs incorporate the allegations contained in paragraphs 1 through 26.

28. California Wage Order 4-2001, 8 C.C.R. section 11040, states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

29. California class members, both assistant managers and managers, including Plaintiffs, regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

30. During at least some portion of the Class Period, class members did not meet the tests for exempt status under the California Wage Orders and the California Labor Code.

31. Defendants have committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not paying the required state law overtime pay to the members of the class.

32. Pursuant to California Bus. & Prof. Code section 17203, plaintiffs request an order requiring Defendants to make restitution of all state law overtime wages due to members of the California classes in an amount to be proved at trial.

### SECOND CAUSE OF ACTION

(Recovery of State Law Overtime Pay – On Behalf of California Classes)

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32.

34. Pursuant to California Labor Code section 1194, the members of the California classes, both assistant managers and managers, are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proved at trial.

### THIRD CAUSE OF ACTION

(Waiting Time Penalties – By and On Behalf of California Classes)

35. Plaintiff incorporates the allegations contained in paragraphs 1 through 34.

First Amended Complaint

36. Defendants willfully and intentionally failed to pay Plaintiffs and the other California class members, both assistant managers and managers, all of the wages they were due by the deadlines imposed under Labor Code sections 201 and 202. Accordingly, Plaintiffs and the California class members are entitled to waiting time penalties of up to 30 days' pay, in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

(Rest and Meal Breaks – By and On Behalf of California Classes; Unfair Competition - Business and Professions Code § 17200 *et seq.*)

37. Plaintiffs incorporate the allegations contained in paragraphs 1- 36.

38. Because Defendants treated Plaintiffs and the other California class members, both assistant managers and managers, as exempt when they were really non-exempt, Defendants failed to provide these individuals with all of their required rest and meal breaks. As a result, under Labor Code section 226.7, the members of the California Classes are entitled to one additional hour's pay for each day a rest or meal break was missed, in an amount to be proved at trial.

39. Defendants have committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not providing the required meal and rest breaks to Plaintiffs and the other members of the class.

40. Plaintiffs Brian King and Dawn Cone informed the California Labor & Workforce Development Agency of the alleged Labor Code violations and Plaintiffs' claims against Defendants on behalf of themselves and other similarly situated current and former managers and assistant managers on July 2, 2009.

41. Pursuant to California Bus. & Prof. Code section 17203, Plaintiffs request an order requiring Defendants to make restitution of all amounts due to members of the California Classes as a result of Defendants' failure to provide meal and rest breaks.

## FIFTH CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements – By and On Behalf of California Classes; Unfair Competition - Business and Professions Code § 17200 *et seq.*)

42. Plaintiffs incorporate the allegations contained in paragraphs 1- 41.

First Amended Complaint

-8-

43. Pursuant to California Labor Code § 204, each employer in California must furnish every employee an itemized wage statement in writing with each paycheck showing, *inter alia*, gross wages earned by the employee, total number of hours worked and deductions. Labor Code § 210 provides that A party who violates section 204 shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

44. Defendants failed to furnish Plaintiffs and the California class members, both assistant managers and managers, with accurate and timely wage statements, as required by California Labor Code §204 in that none of the statements furnished to said employees contained an accurate statement of the employee's actual gross wages earned or the appropriate deductions.

45. As a result of Defendants' conduct as herein alleged, Plaintiffs and the members of the California classes have been harmed in an amount to be proved at trial.

46. Defendants have committed an act of unfair competition under California Bus. & Prof. Code section 17200 et seq. by not providing accurate wage statements to the members of the California Class.

47. Plaintiffs Brian King and Dawn Cone informed the California Labor & Workforce Development Agency of the alleged Labor Code violations and Plaintiffs' claims against Defendants on behalf of themselves and other similarly situated current and former managers and assistant managers on July 2, 2009.

52. Pursuant to California Bus. & Prof. Code section 17203, Plaintiffs request an order requiring Defendants to make restitution of all amounts due to members of the California Classes as a result of Defendants' failure to provide accurate wage statements.

### SIXTH CAUSE OF ACTION

(Restitution of FLSA Overtime Pay – On Behalf of the Nationwide Classes)

53. Plaintiffs incorporate the allegations contained in paragraphs 1 through 52.

54. The Fair Labor Standards Act, 29 U.S.C. section 201 et seq. ("FLSA"), states that an

First Amended Complaint

employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

55. Nationwide Class members regularly work more than 40 hours per week but are not paid overtime.

56. Nationwide Class-members do not meet the tests for exempt status under the FLSA.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages according to proof;

2. For an order requiring Defendants to make restitution of all wages, including overtime wages, that were illegally withheld;

3. For interest according to proof;

4. For penalties as alleged herein;

5. For reasonable attorney's fees and costs of suit; and

6. For such other relief that the Court deems just and proper.

Dated: September 1, 2009                HOFFMAN & LAZEAR

By: _____
H. TIM HOFFMAN
Attorney for Plaintiff

First Amended Complaint

-10-