LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

JULIE A. TOTTEN (STATE BAR NO. 166470)
jatotten@orrick.com
SARA E. DIONNE (STATE BAR NO. 221326)
sdionne@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Sacramento, CA 95814-4497
Telephone: (916) 447-9200
Facsimile: (916) 329-4900

Attorneys for LUXOTTICA RETAIL NORTH AMERICA, INC. D/B/A LENSCRAFTERS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KING, MATTHEW SMELSER and DAWN CONE, individuals, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENSCRAFTERS, INC., LUXOTTICA GROUP S.P.A. and Does 1 through 100,<br><br>Defendants. | Case No. 3:09-cv-03081-SI<br><br>**LUXOTTICA RETAIL NORTH AMERICA, INC.'s NOTICE OF MOTION AND MOTION TO STAY OF ACTION OR, IN THE ALTERNATIVE, STAY OF CALIFORNIA CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:** February 5, 2010<br>**Time:** 9:00 a.m.<br>**Courtroom:** 10<br>**Judge:** The Honorable Susan Illston |

<h1 style="text-align:center">NOTICE OF MOTION</h1>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2010, at 9:00 a.m., or as soon thereafter as the matter may be heard, before The Honorable Susan Illston, Defendant Luxottica Retail North America, Inc. ("Defendant") will, and hereby does, move this Court for an order granting a stay of this action or, in the alternative, a stay of the California claims in this action until a ruling on final approval of the settlement in *Felice Martinez v. LensCrafters, Inc*, C08-01699 PJH ("*Martinez*"), which is currently scheduled for a final approval hearing on April 14, 2010.

Defendant's motion for a stay of the action or, in the alternative, a stay of California claims in the action is made on the grounds that a stay is necessary to avoid hardship and inequity to Defendant, as well as a waste of party and judicial resources. In addition, the requested stay will not harm Plaintiffs. Defendant's motion is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Julie A. Totten, the pleadings and papers on file in this action, and such other evidence and argument as may be presented at the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Luxottica Retail North America, Inc. ("Defendant") requests that the Court issue a short stay in this action ("*King*") until a ruling on the fairness of a settlement in the related *Felice Martinez v. LensCrafters, Inc*, C08-01699 PJH ("*Martinez*"), which is currently scheduled for a final approval hearing on April 14, 2010. In the alternative, Defendant moves for a stay of Plaintiffs' claims brought under California law. Permitting the *King* action to proceed while a decision on final approval of the *Martinez* settlement is pending will cause Defendant to suffer hardship, and waste both party and Court resources. Accordingly, given that a stay will impose no harm on Plaintiffs, the Court should order the brief stay requested by Defendant.

///

///

///

### I. SUMMARY OF FACTS

#### A. The *King* And *Martinez* Matters

*King* was filed with this Court by former managers of Lenscrafters on July 8, 2009. *See* Plaintiffs' Original Compl. In the action, Plaintiffs allege that Defendant misclassified its managers and "assistant managers" as exempt from overtime. *See* Plaintiffs' First Am. Compl. Plaintiffs seek to recover overtime, meal period premiums, penalties for allegedly inaccurate itemized wage statements, waiting time penalties, and restitution under California Business and Professions Code section 17200 on behalf of California managers and "assistant managers." *See* Plaintiffs' First Am. Compl. at Causes of Action One through Five. In addition, Plaintiffs assert a cause of action for violation of the Fair Labor Standards Act, seeking to recover overtime on behalf of nationwide managers and "assistant managers." *See id.* at Cause of Action Six.

Approximately one-and-a-half years prior to *King*, Defendant was sued in the *Martinez* action. *Martinez* was originally filed in the Superior Court for the State of California, County of Alameda on February 14, 2008, and then removed to the Northern District of California. *See* Declaration of Julie A. Totten in Support of Defendant's Motion to Stay ("Totten Decl."), ¶ 2. Like *King*, *Martinez* was brought by a former manager of Lenscrafters. *Id.* Also like *King*, the plaintiff in *Martinez* alleges that Defendant's California salaried managers and "assistant managers" were misclassified and therefore seek to recover overtime, meal period premiums, penalties for allegedly inaccurate itemized wage statements, waiting time penalties, and restitution under California Business and Professions Code section 17200. *Id.*, ¶2, Exh. A. After considerable litigation, the *Martinez* parties agreed to a settlement of the claims in that action on June 16, 2009. *See id.*, ¶ 2.

#### B. The Parties In *King* Move To Relate The Cases

At the outset of the *King* matter, Defendant filed an administrative motion to relate the cases. *See* Defendant's Administrative Motion To Relate Cases filed Sept. 28, 2009. The *King* Plaintiffs agreed that the matters should be related, filing a declaration in support of Defendant's Administrative Motion on October 8, 2009. *See* Declaration of Tim Hoffman filed Oct. 8, 2009. No party opposed the administrative motion. Nonetheless, Judge Hamilton denied the

- 3 -

administrative motion on October 20, 2009. *See* Court Order dated Oct. 20, 200. Subsequently, Judge Hamilton noted that her basis for the denial is that the parties in the *Martinez* action have agreed to settle their claims and, if approved, the action will not continue. Totten Decl., ¶ 4. Judge Hamilton expressed no concerns that the *King* and *Martinez* actions do not contain nearly identical claims nor affect overlapping groups of Defendant's former and current employees. *Id.*

### C. The *Martinez* Settlement

Following agreement to settlement terms in the *Martinez* action, the *Martinez* parties sought preliminary approval of their settlement. The *King* Plaintiffs filed an opposition and appeared at the hearing on the preliminary approval motion, arguing that the court should not grant preliminary approval of the settlement. *Id.*, ¶ 3. The court nonetheless preliminarily approved the settlement. *Id.* The *Martinez* parties are currently administering their settlement, and the motion for final approval is scheduled for April 14, 2010. *See id*.

## II. THE COURT SHOULD STAY THE *KING* ACTION.

As case law has long recognized, federal courts have wide discretion to stay actions in order to avoid duplicative proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1934) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Ninth Circuit has expressly endorsed this view, stating that a "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Sangyoung Corp.*, 708 F.2d 1458,1465 (9th Cir. 1983). Factors relevant to determining whether to stay an action include:

> ... the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, *4 (N.D. Cal. Aug. 3, 2009) (citations omitted). Applying these factors here, the court should exercise its discretion to stay the *King* action (or, in the alternative, the California claims) pending a ruling on final approval of the

*Martinez* settlement.

### A. Plaintiffs Will Not Be Harmed If The Court Grants Defendant's Motion To Stay.

The first factor the court should consider in analyzing whether to issue a stay is the extent of harm incurred by issuing the stay. *See id.* Here, a stay would not cause Plaintiffs to incur any harm. First, the period of time that the stay is requested is finite and short in duration. Specifically, the final approval hearing in *Martinez* is currently scheduled for April 14, 2010. *See* Totten Decl., ¶ 3. Thus, Defendant anticipates that final approval of the *Martinez* settlement will be decided within approximately the next four months. This time period is quite short, especially when compared to the significant potential offered by a stay for avoiding unnecessary duplication of party and court resources. *See Fuller*, 2009 WL 2390358, *4 (finding no meaningful prejudice where case in early procedural stage and reason for stay likely to be resolved within few months).

The lack of harm imposed by the short requested stay is highlighted by the fact that there has been little activity thus far in the *King* action. Indeed, despite the passage of five months since Plaintiffs filed their original Complaint, the parties have not finalized the pleadings. (The parties stipulated to extend Defendant's deadline to respond to the First Amended Complaint to January 15, 2010 in light of Plaintiffs' intention to file a Second Amended Complaint. *See* Stipulation filed Dec. 23, 2009.) Moreover, in the parties' Joint Case Management Statement, Plaintiffs did not seek to file their motion for class certification until July 1, 2010. (Defendant agreed with Plaintiffs' requested deadline.) *See* Case Management Conference Statement filed Nov. 16, 2009. Consistent with the parties' request, the Court ordered Plaintiffs to file their motion for class certification no later than July 1, 2010. *See* Court Order dated Nov. 24, 2009.

Given the fact that there is ample time before any class certification motion is due, Plaintiffs would not face any harm if the Court grants a stay. Nonetheless, if Plaintiffs request, Defendant is willing to continue case deadlines in light of the requested stay.

/ / /

/ / /

/ / /

### B. Defendant Will Suffer Hardship And Inequity If *King* Is Permitted To Go Forward During The Pendency Of The *Martinez* Settlement.

The Court should also consider the hardship incurred if a stay is denied and the matter is permitted to move forward. *See Fuller*, 2009 WL 2390358, *4. Here, allowing the matter to move forward would require Defendant to actively litigate claims that have already been preliminarily approved for settlement by the Northern District. Defendant has already expended considerable resources litigating the *Martinez* matter. Totten Decl., ¶ 2. It is inequitable to require Defendant to incur these very same costs and efforts to repeat this litigation, only to determine in four months that the current litigation is unnecessary because the *Martinez* settlement undercuts the *King* action to a significant degree. Indeed, should the *Martinez* court grant final approval of the settlement in that action, virtually all of the *King* Plaintiffs' allegations with regard to California employees will be rolled into the *Martinez* settlement and there will be little left of the *King* claims. On the other hand, should the *Martinez* court deny final approval and the case continue to proceed, there is a good chance given the overlap of the cases and past positions of the involved parties that the cases would be related or consolidated.[1] In this case, Defendant will have already incurred the hardship of litigating a case unnecessarily on two fronts.

### C. Proceeding With The *King* Action During The Short Pendency Of The *Martinez* Settlement Is A Waste Of Both Party And Judicial Resources.

Finally, in determining whether to issue a stay, the court should consider the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay." *See Fuller*, 2009 WL 2390358, *4. Courts have characterized this factor as a question of economy. *See id.* (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

Here, judicial economy strongly favors issuing the stay. As discussed, *King* and *Martinez* allege identical claims with regard to California employees – *i.e.,* that Defendant misclassified its exempt managers. Final approval of the *Martinez* action would virtually wipe out Plaintiffs'

---

[1] In the event that the Court eventually relates or consolidates *Martinez* and *King*, Defendant would likely renew its motion to stay the California claims in *King*.

1  California claims because the *Martinez* settlement would have a preclusive effect in *King* on all
2  but those who opt out of the settlement. For this reason alone, the stay is warranted. *See, e.g.,*
3  *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) (denying writ of mandamus to overturn stay
4  where trial postponed pending administrative proceeding that may affect pending litigation);
5  *Chartener v. Provident Mutual Insur. Co.*, 2003 U.S. Dist. LEXIS 19500 (E.D. Penn. Oct. 23,
6  2003) (staying securities class action pending resolution of appeal of settlement of another class
7  action where court in stayed action would need to undertake res judicata/ estoppel analysis once
8  settlement final).

9  Furthermore, as noted above, even if the *Martinez* court does not grant final approval of
10 the settlement, current litigation in *King* will likely duplicate the parties' and court's efforts in the
11 *Martinez* action. *See Lindley v. Life Investors Insur. Co. of America*, 2009 U.S. Dist LEXIS
12 94623 (N.D. Okl. Oct. 9, 2009) (staying class action pending fairness hearing of settlement in
13 another class action where approval of settlement likely to have res judicata/ estoppel effect on
14 class action stayed, and denial of approval likely to affect plaintiff's argument for class
15 certification in stayed action). This is especially likely here in light of the nearly identical nature
16 of the California claims, as well as the contrast between the status of *King* (in which the parties
17 are still at the pleading stage) and *Martinez* (in which the parties have engaged in extensive
18 litigation and discovery). Totten Decl., ¶ 2. This likelihood for unnecessary duplication further
19 reinforces that a stay is appropriate in this case. *Fuller*, 2009 WL 2390358, *6 ("Duplication of
20 case management tasks by multiple courts is not an economical use of judicial resources.").

21 In sum, regardless of the outcome of the *Martinez* settlement, it is likely that any present
22 proceedings in *King* will ultimately be either unnecessary or duplicative of prior litigation. As
23 such, any proceedings are a waste of both judicial and party resources. Accordingly, the court
24 should grant Defendant's motion to stay the action or, at a minimum, Plaintiffs' California claims.
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court stay the *King* action or, in the alternative, stay Plaintiffs' California claims (Causes of Action One through Five in Plaintiffs' First Amended Complaint).

Dated:  December 28, 2009

LYNNE C. HERMLE
JULIE A. TOTTEN
SARA E. DIONNE
Orrick, Herrington & Sutcliffe LLP


/S/ Sara E. Dionne
SARA E. DIONNE
Attorneys for Defendant
LUXOTTICA RETAIL NORTH AMERICA, INC. D/B/A/ LENSCRAFTERS, INC.
.